# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH WILLIS COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-18-285-D |
| | ) |
| JILL D. OLIVER, KEN HARRIS, | ) |
| FRED C. SMITH, LAWRENCE | ) |
| CORRALES, and SCOTT D. | ) |
| MEADORS, in their official | ) |
| and individual capacities, | ) |
| | ) |
| Defendants. | ) |

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff, a state pretrial detainee appearing pro se, brought this action under 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings consistent with 28 U.S.C. § 636(b) and Rule 72(b), Federal Rules of Civil Procedure. After screening the Complaint, Judge Mitchell issued a Report and Recommendation (R&R or Report) [Doc. No. 7] in which she recommended summary dismissal of the action. Plaintiff timely objected to the R&R and the matter is at issue.

In reviewing Plaintiff's Complaint, Judge Mitchell took judicial notice of the underlying state court proceedings giving rise to his action. She noted that Plaintiff was charged in Comanche County District Court with burglary in the first degree

and assault and battery with a dangerous weapon. R&R at 4-5. His Complaint before this Court is lodged against two judges, two district attorneys, and his court-appointed counsel in their individual and official capacities. Plaintiff's first claim alleges his due process rights were violated because the probable cause affidavit contained false statements and there was insufficient evidence to support the charges at issue. Compl. at 7-8 [Doc. No. 1]. As relief, Plaintiff requests that the Court "drop the charges" against him. *Id.* at 8.

In his second claim, Plaintiff contends Defendants violated his rights to a speedy trial by failing to advise him of said rights and not hearing or responding to his motions in a timely manner. *Id.* at 8. Plaintiff's third claim alleges his equal protection rights were violated due to several continuances being granted in his case "so [Defendants] could continue [making] money by not [advocating] for me properly and by not … pushing for a verdict and pressing for the truth …." *Id.* at 9. Plaintiff's final claim alleges his Eight Amendment right against cruel and unusual punishment was violated because the amount of his bond was $75,000—which Plaintiff contends was excessive—and for what Plaintiff considers an untimely disposition of his case. *Id.* at 10. Plaintiff's case is currently set on the May 2018 jury docket. R&R at 5.

Judge Mitchell noted that Plaintiff's requested relief implicates the *Younger* abstention doctrine, which generally prohibits federal courts from interfering with

ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, abstention is appropriate where (1) there is an ongoing state criminal proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, i.e., matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003). "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *See id.* (citing *Seneca–Cayuga Tribe v. Oklahoma*, 874 F.2d 709, 711 (10th Cir. 1989)).

Judge Mitchell found each of the foregoing factors were met in this case. She noted that (1) there was an ongoing criminal case; (2) Plaintiff's grievances could be addressed by the Oklahoma Court of Criminal Appeals and this Court on direct appeal and by application for post-conviction relief; and (3) the State of Oklahoma necessarily has an important interest in prosecuting crimes allegedly committed within its boundaries. R&R at 6.

The Court must review de novo any part of a magistrate judge's report and recommendation to which a proper objection has been made. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Upon the exercise of such review, the Court may accept, reject, or modify the recommendation, receive further evidence, or

return the matter to the magistrate judge with instructions. *See id*. The Court has read the Report and conducted a de novo review of the relevant filings. Based upon this review, the Court accepts the Report and adopts it as the ruling of this Court. Plaintiff's objection does not substantively dispute *Younger's* application to his Complaint; he only objects to Judge Mitchell's findings that he waived his preliminary hearing, right to a speedy trial, and agreed to continue the case to the May 2018 docket. Pl. Obj. at 1-2 [Doc. No. 8]. However, these objections have no bearing on the issue of whether Plaintiff's case is properly before the Court, and after reviewing the *Younger* factors, the Court finds the factors have been met as set forth in the Report and Recommendation.

Accordingly, the Court **ADOPTS** the findings and conclusions set forth in the Magistrate Judge's Report and Recommendation [Doc. No. 7] as though fully set forth herein and **DISMISSES** the present action. A judgment shall be issued forthwith.

**IT IS SO ORDERED** this 24th day of April 2018.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE